Chief Justice EISMANN,
specially concurring.
I concur in the opinion, but write solely to address the policy provisions addressed by Justice Burdick in his concurring opinion.
Exclusion 8 provides:
We do not cover:
8. Bodily Injury or property damage arising out of the ownership, maintenance, use, or entrustment to others of any motor vehicle unless covered by valid and collectible underlying insurance described in the Declarations, and then only to the extent such injury or damages are covered by such policy;[8]
The proper interpretation of this clause requires an understanding of the difference between an umbrella policy and a policy of primary insurance. An umbrella policy is “[a] form of insurance protection against losses in excess of the amount covered by other liability insurance policies.” Black’s Law Dictionary 808 (6th ed. 1990). The risk assumed, and therefore the premium to be charged, depends upon the coverage in the underlying policy of primary insurance. The less coverage in the underlying policy, the greater risk assumed by the insurer issuing an umbrella policy. Therefore, this exclusion accomplishes three things.
First, it defines the type of conduct to which this exclusion applies — “the ownership, maintenance, use, or entrustment to others of any motor vehicle.” This exclusion only applies to a cause of action against an in *828 sured for bodily injury or property damage that is predicated upon the insured’s ownership of the vehicle (e.g., pursuant to a statute imputing liability), or the insured’s.maintenance of the vehicle (e.g., negligent failure to properly maintain the vehicle), or the insured’s use of the vehicle (e.g., negligent operation), or the insured’s entrustment of the vehicle to another (e.g., to someone who was unlicensed or under the influence). This exclusion would not apply to a cause of action against the insured that is based upon some other type of conduct.
Second, it prevents the umbrella policy from becoming a policy of primary insurance when a cause of action against an insured is based upon the listed conduct. There is no coverage unless the cause of action is “covered by valid and collectible underlying insurance described in the Declarations.” The insurer knows the coverage provided by the underlying insurance policy that is described in the declarations and therefore the risk it assumed under the umbrella policy. It is not willing to assume the risk if the policy of primary insurance provides less coverage than the one described in the declarations or if that policy for some reason does not pay the loss to the full amount of its coverage. Therefore, for there to be coverage under the umbrella policy for the conduct listed in this exclusion, there must be coverage under that underlying insurance policy, the underlying policy must be valid, and the sums payable under the policy must be collectible.
Third, it limits the type of injury and/or damage that is covered by the umbrella policy. It only covers injury or damages “to the extent such injury or damages are covered by such [underlying] policy.” Thus, if the injured party seeks to recover for a type of injury or a type of damage not covered under the underlying policy, such injury or damage is not covered under the umbrella policy. Without this provision, the umbrella policy could become a primary policy as to an injury or damage that was not covered under the underlying policy.
Exclusion 8 is not and does not include a saving clause. Exclusion 9 does include a type of saving clause. It provides:
We do not cover:
9. A permissive driver. If state law requires that this policy apply to a permissive driver, however, our applicable limit of liability for an occurrence shall be reduced (see Part V Limit of Liability). This exclusion does not apply if the permissive driver is your employee;
Exclusion 9 excludes coverage of a permissive driver. However, it contains a proviso that if the permissive driver exclusion is contrary to the law of the applicable jurisdiction, the limit of liability under the umbrella policy for the permissive driver will be reduced. It, in essence, seeks to save the exclusion to an extent by reducing the limit of liability if state law requires that the permissive driver be covered by an umbrella policy. Idaho law does not so require.
There is no conflict between Exclusions 8 and 9. Exclusion 8 does not grant coverage to permissive drivers. It is an exclusion clause, not an insuring clause. It simply states that the umbrella policy does not provide coverage for bodily injury or property damage “arising out of the ownership, maintenance, use, or entrustment to others of any motor vehicle” unless such injury or damage was covered under a valid and collectible policy of underlying insurance. It limits the insured’s coverage under the umbrella policy. If the insured fails to maintain the policy of underlying insurance, then the insured would not have coverage under the umbrella policy for a cause of action arising out of the ownership, maintenance, use, or entrustment to others of any motor vehicle.
Exclusion 9 has nothing to do with the insured’s coverage. It does not exclude coverage for a cause of action asserted against the insured based upon the insured giving permission to someone else to drive the motor vehicle. It excludes coverage for the permissive driver. It states, “We do not cover ... [a] permissive driver.” It does not say, “We do not cover you for bodily injury or property damage arising out of your entrustment to others of a motor vehicle or arising out of your ownership of a motor vehicle.” A “permissive driver” is not *829 an insured because an insured must have given the permissive driver permission to use the motor vehicle.[9] Thus, if the permissive driver negligently injured another and the permissive driver’s negligence was imputed to the insured as the owner of the motor vehicle, the insured would be covered but the permissive driver would not be.
Under the policy, the words “you” and “your” mean “a person named in the Declarations as an insured and that person’s spouse if a resident of the same household.” The persons named in the declaration page of the umbrella policy were John and Lisa Schrock. A permissive driver must be someone whom “an insured gave permission for the type of use of the motor vehicle.” The umbrella policy defines an “insured” as “you, and if residents of your household, your spouse, your relatives, or minors in the care of you or your relatives.” Stacy would be an insured under the policy, and she gave Christa Springer permission to use the Isuzu Rodeo. Therefore, Christa would be a permissive driver who would not be covered. However, as the owner of the vehicle Lisa Schrock would be liable for Christa’s negligence under Idaho Code § 49-2417(1). The fact that Christa, as a permissive driver, would not be covered does not mean that Lisa Schrock would not be covered for any claim made against her under as the owner of the Isuzu.
Justice W. JONES concurs.

. The bolding, when quoting policy provisions, is in the policy.

. The umbrella policy defines "permissive driver” as "any person or organization while using a motor vehicle owned by, rented by, or loaned to you or any insured and covered by this policy, provided that an insured gave permission for the type of use of the motor vehicle." (Emphasis added.)